Mingzi Ouyang, Esq. (SBN 314334)
Valley & Summit Law
One Park Plaza, Suit 600
Irvine, CA 92614
Tel: (909) 248 4522
E-Mail: Marjorie.ouyang@valleysummitlaw.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DONGGUAN JIAJIESHI TECHNOLOGY CO., LTD. ) <br>     Plaintiff, ) <br> ) <br>       v. ) <br> ) <br> The Procter & Gamble Company ) <br> ) <br>     Defendant. ) <br> ) <br> ) | Civil Action No.:1:26-cv-5240 <br><br> **COMPLAINT** |

**I. INTRODUCTION**

1．Plaintiff brings this action against Defendant for submitting untrue and misleading patent infringement complaints to Amazon, which resulted in the wrongful removal of Plaintiff's product listings and disruption of its business operations.

**II. PARTIES**

2．Plaintiff Dongguan Jiajieshi Technology Co., Ltd. ("Plaintiff") is a company organized under the laws of China, engaged in the business of manufacturing, distributing, and selling cleaning pad products globally, including within the Northern District of Illinois, through Amazon storefronts.

1

3．Defendant The Procter & Gamble Company ("Defendant") is a corporation organized under the laws of Ohio and is located in Cincinnati, Ohio. Upon information and belief, Defendant is the owner of U.S. Design Patent No. D1048624S (the "'624 Patent").

### III. NATURE OF THE ACTION

4．This action seeks declaratory judgment of patent invalidity and noninfringement under 28 U.S.C. § 2201(a) and 35 U.S.C. §102(a)(1).

5．In addition, this action asserts claims for tortious interference with business relations or prospective economic advantage.

6．Lastly, this action asserts claims for violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2.

### IV. JURISDICTION AND VENUE

7．This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8．This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9．Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and § 1400 because Defendant conducts business in this District and the acts complained of herein occurred in this District. Defendant has purposefully directed its enforcement activities, including submitting Amazon IP complaints, toward sellers conducting business within this District.

### V. GENERAL FACTS

10．Plaintiff has operated its Amazon storefronts for a substantial period of time and has developed a stable business selling cleaning pad products to customers in the United States.

Plaintiff has established ongoing commercial relationships with Amazon and its customers and has maintained active product listings for its cleaning pad products.

11. The '624 Patent, titled "Cleaning Wipe," is U.S. Design Patent No. D1048624S. A true and correct copy of the '624 Patent is attached hereto as Exhibit A.

12. Despite knowledge or reason to know that the '624 Patent is invalid and not infringed, Defendant has repeatedly and maliciously filed baseless complaints with Amazon.com alleging infringement of the '624 Patent by Plaintiff's Product. These complaints have resulted in the wrongful delisting and removal of Plaintiff's product listings, causing significant disruption to Plaintiff's business operations and reputational harm.

13. Amazon's IP complaint system allows rights holders to enforce their intellectual property by submitting facially valid certificates, such as the disputed U.S. design patent registration here. Upon receipt of such a complaint, Amazon typically removes or disables the accused product listings immediately, without prior notice to the seller. The affected inventory is frozen in Amazon's fulfillment centers, and the seller is rendered unable to fulfill orders or generate sales revenue from the impacted products. Although accused sellers are permitted to submit non-infringement analyses or rebuttal evidence, Amazon generally presumes the validity of facially effective patents and gives significant deference to the complainant's representations. As a result, sellers often have no meaningful recourse through Amazon's internal procedures, and the takedowns remain in effect regardless of the merits of the infringement allegation.

14. On information and belief, Defendant submitted multiple Amazon IP Complaints targeting Plaintiff's listings. Specifically, on or about February 7, 2026, Defendant submitted a first Amazon IP Complaint (ID 19127106541) targeting listings associated with the "Bisenkud" storefront, including but not limited to ASINs B0D73D2V6J and B0DC9NWSTJ. On or about

3

February 7, 2026, Defendant submitted a second Amazon IP Complaint targeting additional listings associated with the same storefront, including but not limited to ASIN B0G1LMK6VL. On or about February 25, 2026, Defendant submitted another Amazon IP Complaint (ID 1954452481) targeting additional listings associated with the "Bisenkud" storefront, including but not limited to ASINs B0DMW8313V, B0DK7B756Y, B0DMXCW5R, B0DD3LV9HS, B0FCBJYRVY, B0D7P85STG, B0D7P32S98, B0D862VJX6, B0FLDLQ64W, B0DC9KPCNN, B0D73DTT34, B0DXK74TN6, and B0DXJQW3GB. In addition, on or about April 16, 2026, Defendant submitted an Amazon IP Complaint targeting listings associated with the "XUNWUKUN-US" storefront, including but not limited to ASINs B0DQL1Q8C1, B0DQKV3NWQ, B0FRS7F6KG, B0D2GTQYQZ, B0DQKW4VBK, and B0FRSB244V. These complaints resulted in the removal and deactivation of multiple ASIN listings associated with Plaintiff.

15. Although the asserted design patent is invalid, and no actionable infringement could exist as a matter of law, Defendant proceeded to file multiple, duplicative Amazon IP complaints against Plaintiff. Defendant's conduct constitutes a pattern of abusing Amazon's intellectual property enforcement system to exclude competitors from the marketplace.

16. As a result of Defendant's conduct, multiple listings associated with Plaintiff were removed from Amazon. Copies of Amazon's infringement notifications are attached hereto as Exhibit B. The affected listings include, but are not limited to, those identified in Exhibit C.

17. Plaintiff's products consist of cleaning pad products that differ in overall visual impression from the design claimed in the '624 Patent and do not fall within the scope of the '624 Patent.

18. As a direct result of Defendant's conduct, Plaintiff has suffered harm, including removal of listings, inability to sell products, disruption of business operations, and loss of sales and customer goodwill, and continues to face the risk of further listing removals, loss of revenue, and reputational harm.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT INVALIDITY
## AND NON-INFRINGEMENT
## (28 U.S.C. §§ 2201, 2202; 35 U.S.C. §§271, 282)

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

20. Pursuant to 28 U.S.C. § 2201(a), "in a case of actual controversy within its jurisdiction…..any court of the United States…. may declare the rights and other legal relations of any interested party seeking any declaration."

21. Here, Plaintiff's products and similar products have been sold prior to the filing of Defendant's Patent. Defendant's Patent is invalid under one or more provisions of 35 U.S.C.

22. Plaintiff's products do not embody the ornamental design claimed in the '624 Patent and do not create the same overall visual impression as the claimed design.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR PROSPECTIVE
## ECONOMIC ADVANTAGE

23. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

24. Under *Fellhauer v. City of Geneva*, 568 N.E.2d 870 (Ill. 1991), it is generally recognized by the Illinois courts that to prevail on a claim for tortious interference with a prospective economic advantage, a plaintiff must prove: (1) a reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge; (3) the purposeful interference

5

by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damage to the plaintiff resulting from such interference.

25. Plaintiff had valid and ongoing business relationships and expectancies with Amazon and its customers through its active Amazon storefronts and product listings. Defendant knew of these relationships because it specifically targeted Plaintiff's Amazon listings and ASINs in its infringement complaints.

26. Defendant intentionally and unjustifiably interfered with Plaintiff's relationships and expectancies by submitting baseless and duplicative patent infringement complaints to Amazon. Defendant's complaints caused Amazon to remove and deactivate Plaintiff's listings, preventing Plaintiff from continuing sales through those listings.

27. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages, including removal of listings, lost sales, disruption of business operations, loss of customer goodwill, and reputational harm.

**COUNT III**
**VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICE ACT**
(815 ILCS 510/2)

28. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

29. Pursuant to the Illinois Deceptive Trade Practices Act (DTPA), 815 ILCS 510/2, "a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: …. (8) Disparages the goods, services, or business of another by false or misleading representation of fact."

30. Based on the facts alleged above, Defendant engaged in deceptive trade practices by submitting false and misleading patent infringement complaints to Amazon, falsely representing that Plaintiff's products infringed the '624 Patent. These false representations disparaged

Plaintiff's products and business and caused Amazon to remove and deactivate Plaintiff's listings. As a result, Plaintiff suffered damages, including lost sales, disruption of business operations, loss of customer goodwill, and reputational harm.

## JURY DEMAND

31. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment against Defendant as to the alleged causes of action;

2. An order enjoining Defendant, its officers, agents, employees, affiliates, and all persons acting in concert with it from submitting further false or misleading complaints to Amazon, and from further tortious interference with Plaintiff's business relations;

3. An order directing any third-party platforms, including but not limited to Amazon, to reinstate and reopen any listings, advertisements, or sales channels operated by Plaintiff in connection with Plaintiff's products;

4. An order requiring Defendant to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which it has complied with the injunction;

5. An award of damages adequate to compensate Plaintiff for Defendant's wrongful acts;

6. Such other and further relief as the Court may deem just and proper.

Dated: May 6, 2026

Respectfully submitted,

/s/ Mingzi Ouyang
Mingzi Ouyang
VALLEY & SUMMIT LAW
One Park Plaza
Irvine, CA 92614
marjorie.ouyang@valleysummitlaw.com
(909) 248 4522
Attorney for Plaintiff